# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES BOATRIGHT                                                       PETITIONER

v.                       NO. 5:14-cv-00119-DPM/HDY

RAY HOBBS, Director of the                         RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

The record reflects that petitioner Charles Boatright ("Boatright") was convicted in an Arkansas state trial court of one count of rape and ten counts of possessing "matter depicting sexually explicit conduct involving a child," see Boatright v. State, 2011 Ark. App. 326, 384 S.W.3d 12, 13 (2011), and was sentenced to the custody of respondent Ray Hobbs ("Hobbs"). Boatright appealed but did not challenge his rape conviction nor "the sufficiency of the evidence to support his convictions for possessing matter depicting sexually explicit conduct involving a child." See Id., 384 S.W.3d at 13-14. Instead, he maintained that the state trial court erred when it "improperly denied him the right to fully develop his defense that someone planted the offending visual CDs containing child pornography in his bedroom." See Id. The Arkansas Court of Appeals found no reversible error and affirmed his convictions. See Id.

Boatright next filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he maintained that his attorney provided constitutionally inadequate representation and offered several reasons why. Boatright also maintained that the prosecutor had a conflict of interest, a conflict of such a degree that it undermined the fairness of the criminal proceeding. The state trial court denied Boatright's petition, and he appealed. The Arkansas Supreme Court found no reversible error and affirmed the denial of his petition. See Boatright v. State, 2014 Ark. 66, — S.W.3d —, 2014 WL 585976 (2014).

Boatright commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his trial attorney's representation and offered the following four reasons why counsel was ineffective: (1) counsel failed to conduct an adequate investigation, (2) he failed to file a motion to suppress, (3) he failed to interview or call defense witnesses, and (4) he failed to seek the deputy prosecuting attorney's disqualification from the case.

Hobbs responded to Boatright's petition by asking that it be dismissed because his four claims warrant no relief. Hobbs maintained that the Arkansas Supreme Court addressed Boatright's first, second, and third claims on the merits and its adjudication of the claims is entitled to deference. Hobbs also maintained that Boatright's fourth claim is procedurally barred from federal court review.

Boatright filed a reply to Hobbs' response. In the reply, Boatright first maintained that deference should not be accorded the state Supreme Court's adjudication of his first, second, and third claims because the state appellate court made an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), and an unreasonable interpretation of the facts. He also maintained that his fourth claim should be considered because he can show cause for any procedural default.

The undersigned has now thoroughly reviewed the parties' submissions. For the reasons that follow, the undersigned recommends that Boatright's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

Boatright's first claim is that his attorney provided constitutionally inadequate representation because counsel failed to conduct an adequate investigation. The facts Boatright offers in support of the claim, though, are of a different nature than his assertion of an inadequate investigation. He maintains in support of the first claim that counsel erred when he failed to file a motion to suppress the compact discs ("CDs") and digital video discs ("DVDs") containing child-pornography found at Boatright's home.[1] His second claim and the facts supporting that claim mirror the facts to support his first claim, that is, in his second claim, he maintains that counsel provided constitutionally inadequate representation because he failed to file a motion to suppress the CDs and DVDs containing child-pornography found at Boatright's home. Because the claims are virtually identical, the undersigned will treat them as one.

The state Supreme Court was presented the two claims when Boatright appealed the denial of his state trial court petition for post-conviction relief. The state Supreme Court began its review of the claims by summarizing the events giving rise to the seizure of the CDs from Boatright's home, a summary that is as follows:

---

[1]

Boatright specifically alleges, in part, the following:

… Petitioner contends that counsel was ineffective based on the failure of a motion to suppress the CD's and DVD's containing child-pornography found at his house.

Petitioner was denied his Constitutional right to have this evidence suppressed. …

Petitioner's trial counsel denied him his right to assist in the defense when counsel failed to file any pre-trial motions to suppress.

See Document 1 at 6.

-5-

> At trial, Officer Russell Alberts of the Madison County Sheriff's Office testified that, after receiving a report involving the molestation of a child by [Boatright] and interviewing the victim, [the officer] obtained a search warrant to search the house where [Boatright] lived with his sister based on information that the rape may have been recorded. [The officer] stated that, during the search, CDs containing child pornography were discovered in [Boatright's] bedroom. The rape victim, who was eleven years old at the time of the trial, testified that [Boatright] put his tongue in her vagina when she was five or six years old. [Boatright], who had previously given a statement confessing that he had "rubbed [the victim], maybe a little, with my finger," and that he owned the CDs with child pornography, denied committing any act against the victim or owning the CDs. …

See Boatright v. State, 2014 WL 585976 at 1. Boatright maintained that the search warrant was defective, and a motion to suppress would have therefore been granted had one been filed, because the warrant "did not include his name." See Id. at 3. The state Supreme Court disagreed, finding that there was no requirement the warrant include his name. The state Supreme Court found that because there was no basis for making a meritorious challenge to the search warrant, counsel did not err in failing to file a motion to suppress the evidence obtained pursuant to the warrant.

Boatright's first and second claims are governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, 28 U.S.C. 2254(d) requires an inquiry into whether the state court's adjudication of the claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Boatright's first and second claims are also governed by Strickland v. Washington, 466 U.S. 668 (1984), which requires its own two-part showing. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, Boatright must show prejudice. Taken together with 28 U.S.C. 2254(d), Strickland v. Washington establishes a "doubly deferential standard of review." See Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) [internal quotation omitted].

Boatright has not shown that the state Supreme Court's adjudication of claims one and two resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court applied clearly established federal law as articulated in Strickland v. Washington, and the state Supreme Court's decision was neither contrary to nor did it involve an unreasonable application of that law. Boatright has also not shown that the state Supreme Court's adjudication of the claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. As the state Supreme Court found, the search warrant described the place to be searched and the things to be seized, and it was not necessary for his name to be on the warrant. Because there was no basis for making a meritorious challenge to the search warrant, counsel did not err in failing to file a motion to suppress the evidence obtained pursuant to the warrant.[2]

---

[2] In Boatright's second claim, he also alleges that the Arkansas Supreme Court misstated Arkansas law on the requirements of a search warrant. His challenge to the state Supreme Court's misstatement of Arkansas law warrants no relief. See Evenstad v. Carlson, 470 F.3d 777 (8th Cir. 2006) (federal habeas corpus relief not available for errors of state law).

Boatright's third claim is that his attorney provided constitutionally inadequate representation because counsel failed to interview or call defense witnesses. Although he supports the claim with virtually no facts, he does note that counsel "failed to conduct any reasonable pre-trial investigation and was ineffective in assessing the prosecution's case." See Document 1 at 8.

The state Supreme Court was presented the claim when Boatright appealed the denial of his state trial court petition for post-conviction relief. The state Supreme Court rejected the claim, finding the following:

> As to counsel's alleged failure to interview or call witnesses, counsel testified at the Rule 37.1 hearing that he did contact potential defense witnesses and that they were all hostile toward [Boatright]. We have stated that the decision of trial counsel to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37.1. … Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. … Nonetheless, such strategic decisions must still be supported by reasonable professional judgment. … Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. … [Boatright] fails to substantiate his claim that counsel was ineffective based on the failure to interview or call any witness. Moreover, he does not name any particular individual that counsel should have interviewed or called as a witness or what information a particular witness may have provided.

See Boatright v. State, 2014 WL 585976 at 3.[3]

---

[3] The state Supreme Court also addressed Boatright's related assertion that counsel did not spend sufficient time discussing the case and developing trial strategy. The assertion was rejected given counsel's testimony that he met with Boatright on numerous occasions and investigated every defense he proposed.

Boatright has not shown that the state Supreme Court's adjudication of claim three resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.[4] The state Supreme Court applied clearly established federal law as articulated in <u>Strickland v. Washington</u>, and the state Supreme Court's decision was neither contrary to nor did it involve an unreasonable application of that law. Boatright has also not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. As the state Supreme Court found, counsel contacted potential defense witnesses and they were all hostile to Boatright's defense. Moreover, Boatright has never identified a witness counsel should have interviewed or called at trial and has not indicated what testimony the unidentified witness would have given.[5] In short, Boatright has failed to show that counsel erred in preparing for trial.

Boatright's last claim is that his attorney provided constitutionally inadequate representation because counsel failed to seek the deputy prosecuting attorney's disqualification. Boatright maintains that the prosecutor had represented Boatright's family in probate matters and had knowledge of the hostility between Boatright and his sister, and counsel failed to challenge the prosecutor's participation in the criminal trial.

---

[4] Boatright's third claim, like his first and second claims, is governed by 28 U.S.C. 2254(d) and <u>Strickland v. Washington</u>.

[5] In Boatright's fourth claim, he suggests that counsel should have interviewed or called his family members during the penalty phase of the trial. Boatright acknowledges, though, that their legal interests were adverse to his and, in any event, he does not indicate what their testimony would have been.

In Boatright's state trial court petition for post-conviction relief, he challenged the "deputy prosecuting attorney's failure to disqualify himself from the case." See Boatright v. State, 2014 WL 585976 at 1. Boatright did not raise the claim in the context of a challenge to his attorney's representation. The state trial court judge rejected the claim, finding that the prosecutor's representation of Boatright's family was unrelated to the criminal proceeding and "did not constitute a conflict of interest or prejudice to [Boatright]." See Id. On appeal, Boatright "appear[ed] to contend that counsel was ineffective for failing to investigate an alleged conflict of interest of the deputy prosecuting attorney based on the attorney's representation of [Boatright's] family in probate matters and his knowledge of the hostility between [Boatright] and his sister." See Id. at 4. The state Supreme Court refused to consider the claim and gave the following reason for doing so:

> … in [Boatright's] petition and at the Rule 37.1 hearing, [his] argument was that he was entitled to relief due to the deputy prosecuting attorney's failure to disqualify himself from the case based on the attorney's preparation of [Boatright's] father's will several years ago. To the extent that [Boatright] is arguing on appeal that he received ineffective assistance based on the failure to investigate the alleged conflict of interest, this conclusory allegation was not contained in [Boatright's] verified Rule 37.1 petition or supported by any evidence presented at the hearing, and it will not be considered for the first time on appeal. … In fact, counsel testified that he was aware that [Boatright] claimed a conflict of interest of the prosecuting attorney and that, in his professional judgment, he did not believe that there was any conflict. …

See Id. at 4.

Given the foregoing, it is understandable why Hobbs maintains that Boatright's fourth claim is procedurally barred from federal court review. Rather than wrestle with that question, though, the undersigned will address the claim on the merits. See Dodge v. Robinson, 625 F.3d 1014 (8th Cir. 2010) (procedural bar issue should ordinarily be resolved first, but judicial economy sometimes dictates reaching merits of claim first).

It is improper for a prosecutor to prosecute an accused on the basis of facts wholly or partially acquired by the prosecutor through a prior professional relationship. See Gajewski v. United States, 321 F.2d 261 (8th Cir. 1963) (prosecutor represented accused in prior civil proceeding). If, though, there is no substantial relationship between the former representation and the present prosecution, and "if the prosecutor will not be called upon to use against his former client any confidential knowledge gained through their former association, no prejudice will result to the accused." See Id. at 267.

Applying the foregoing principles to the facts of this case, it is clear that counsel committed no error in failing to seek the deputy prosecuting attorney's disqualification. The prosecutor's prior relationship was not with Boatright but with his father, for whom the prosecutor prepared a will at least six years before Boatright was tried. See Boatright v. State, 2014 WL 585976 at 1, n.1. It cannot be seriously argued that there was a substantial relationship between the prosecutor's representation of Boatright's father and Boatright's prosecution. There is also no evidence the prosecutor used in the criminal trial confidential information he acquired during his representation of Boatright's father. Boatright makes much of the fact that the prosecutor may have

learned in representing Boatright's father that Boatright and his sister were hostile toward one another. Assuming, <u>arguendo</u>, that the prosecutor learned of the hostility during his representation of Boatright's father, it had no bearing on the criminal trial for at least two reasons. First, the decision of the state Court of Appeals reflects that Boatright's sister, who was also the victim's mother, was called as a defense witness, and her testimony was generally unremarkable. <u>See</u> <u>Boatright v. State</u>, 384 S.W.3d at 15-16. Second, the implication is that Boatright's sister "planted" the offending CDs and DVDs, but the record reflects that Boatright gave a statement to the police in which he admitted owning the CDs containing child pornography. <u>See</u> <u>Id</u>. at 15.

On the basis of the foregoing, the undersigned finds that Boatright's claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this ___6___ day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE